UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY N. PHILLIPS,

        Plaintiff,

                                    Case Number 10-14399
v.                                           Honorable David M. Lawson

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

On March 31, 2011, the Court entered an order pursuant to the parties' stipulation remanding the matter to the Commission of Social Security under the fourth sentence of 42 U.S.C. § 405(g) for further proceedings.  Presently before the Court is the plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  The defendant has not filed a response in opposition to the motion and the time for doing so has elapsed.

Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A).  The statute requires the party seeking fees to establish that he or she has prevailed in a suit involving the government; thereafter, the government has the burden to prove that its position was "substantially justified." *Sigmon Fuel Co. v. Tenn. Valley Auth.*, 754 F.2d 162, 166 (6th Cir. 1985) (citing *Berman v. Schweiker*, 713 F.2d 1290, 1293 n.9 (7th Cir. 1983)).  The United States Supreme Court has determined that a remand under sentence four confers prevailing party status on the plaintiff.  *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (noting "sharp distinction" between a sentence-four remand, which terminates

the litigation with victory for the plaintiff, and a sentence-six remand, which does not"). The government has not responded and therefore has not met its burden on demonstrating that its position was substantially justified.

The Court also finds that plaintiff's counsel's requested hourly rate of $145 is reasonable under the prevailing norms in the community and the time for which plaintiff's counsel requests compensation, 14.5 hours, also is reasonable in this case. The plaintiff also requests costs of $350 for the Court's filing fee, for a total award of $2,452.50. The defendant has not challenged the requested amount. The Court will grant the plaintiff's request in full.

Accordingly, it is **ORDERED** that the plaintiff's motion for attorney's fees [dkt #13] is **GRANTED**.

It is further **ORDERED** that the plaintiff shall recover from the defendant fees and costs in the amount of $2,452.50.

        s/David M. Lawson  
        DAVID M. LAWSON  
        United States District Judge

Dated: May 5, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 5, 2011.

        s/Deborah R. Tofil  
        DEBORAH R. TOFIL